```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


ROBERT MOORE and
SANDRA MOORE,                        )
          Plaintiffs                 )
                                     )
     v.                              ) C.A. No. 11-cv-10468-MAP
                                     )
NOVASTAR MORTGAGE, INC.;             )
DEUTSCHE BANK NATIONAL TRUST         )
COMPANY, TRUSTEE OF NOVASTAR         )
MORTGAGE FUNDING TRUST SERIES        )
2006-4; NOVASTAR MORTGAGE            )
FUNDING TRUST SERIES 2006-4;         )
MORTGAGE ELECTRONIC                  )
REGISTRATION SYSTEMS, INC.;          )
ABLITT LAW OFFICES, P.C., and        )
SAXON MORTGAGING                     )
SERVICING, INC.,                     )
          Defendants                 )
```

### MEMORANDUM AND ORDER REGARDING
### PLAINTIFFS' MOTION TO REMAND AND
### DEFENDANT ABLITT LAW OFFICES' MOTION TO DISMISS
    (Dkt. Nos. 10 & 11)

July 15 , 2011

PONSOR, D.J.

### I.  INTRODUCTION

In January 2011, after Defendants foreclosed on their home, Plaintiffs Robert and Sandra Moore filed a complaint in Berkshire Superior Court. Defendants removed the case to federal court in the Eastern Division of the District of Massachusetts on diversity grounds, and the case was subsequently transferred to the Western Division on joint motion of the parties.

Against all Defendants, Plaintiffs have alleged Breach of the Covenant of Good Faith and Fair Dealing (Count I). Against all Defendants except Defendant Ablitt Law Offices, Plaintiffs have alleged Violation of Mass. Gen. Laws ch. 93A (Count II), Breach of Contract (Count III), and Equitable Relief in the form of restoration of title (Count IV).

Although Defendants have each moved individually to dismiss the complaint (Dkt. Nos. 11, 13, 15, 17, and 26), this memorandum will address only Defendant Ablitt Law Office's Motion to Dismiss (Dkt. No. 11) and Plaintiffs' Motion to Remand (Dkt. No. 10), as the court is awaiting supplemental briefing concerning various issues that arose at the July 8 motion hearing. For the reasons described below, the court will deny Plaintiffs' Motion to Remand (Dkt. No. 10) and allow Defendant Ablitt Law Office's Motion to Dismiss (Dkt. No. 11).

## II. FACTS

The relevant facts are taken from Plaintiffs' First Amended Complaint. (Dkt. No. 1, Ex. 1, First Am. Compl.) On June 23, 2006, Plaintiffs refinanced their home at 12 Deer Trail in Becket, Massachusetts, receiving a mortgage loan of $135,000 from Defendant NovaStar Mortgage, Inc. ("Defendant NovaStar"). Defendant Mortgage Electronic Registration Systems, Inc. ("Defendant MERS") was a nominee

on the mortgage but eventually assigned the mortgage to Defendant Deutsche Bank National Trust Company, Trustee of NovaStar Mortgage Funding Trust Series 2006-4 ("Defendant Deutsche Bank"). In October 2007, Defendant Saxon Mortgaging Servicing, Inc. ("Defendant Saxon") replaced Defendant NovaStar as the loan servicer of Plaintiffs' mortgage.

In 2008, after Plaintiff Robert Moore was laid off, Plaintiffs became delinquent on their mortgage payments. Throughout 2008 and 2009, Plaintiffs engaged in loan modification discussions with Defendant Saxon, which were ultimately unsuccessful. On December 1, 2009, in a foreclosure sale conducted by Defendant Ablitt Law Offices of Woburn, Massachusetts,[1] Defendant Saxon sold Plaintiffs' home to Defendant Deutsche Bank.[2] Approximately two years later, Plaintiffs instituted this action.

### III. DISCUSSION

As noted, this court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which grants federal courts jurisdiction over all matters between

---

[1] Defendants did not specify which defendant retained Defendant Ablitt Law Offices to act as local counsel in the foreclosure proceeding.

[2] At hearing, it emerged that Plaintiffs, somehow, continue to live in their home, neither paying rent nor making payments on a mortgage.

3

citizens of different states where the amount in controversy exceeds $75,000.00. Plaintiffs, of course, are domiciled in Massachusetts. With the exception of Defendant Ablitt Law Offices, all Defendants are domiciled outside the Commonwealth. Defendants' removal of the case to federal court was premised on its allegation that Plaintiffs joined Defendant Ablitt Law Offices fraudulently so as to destroy diversity. (Dkt. No. 1, ¶ 5.) Plaintiffs have moved to remand to state court on the grounds that Defendant Ablitt Law Offices is a proper defendant whose presence precludes this court's exercise of jurisdiction. Defendant Ablitt Law Offices, which opposed Plaintiffs' motion, has moved separately to dismiss the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Passing on the issue of fraudulent joinder,[3] the court finds that Plaintiffs have failed to state a claim upon which relief can be granted in either federal or state court against Defendant Ablitt Law Offices. The sole claim alleged against this defendant is a breach of the covenant

---

[3] Joinder is fraudulent if it is "without any reasonable basis in fact and without any purpose to prosecute the case in good faith against [the defendants]." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); see also Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) (noting that fraudulent joinder requires a determination "that the plaintiff has failed to state a cause of action against the fraudulently joined defendant").

of good faith and fair dealing.  Fatal to this claim is the absence of a contract between the parties.  See Learning Express, Inc. v. Ray-Matt Enters., Inc., 74 F. Supp. 2d 79, 84 (D. Mass. 1999) ("In order to demonstrate a claim for the breach of the covenant of good faith and fair dealing, the plaintiff must show that there existed an enforceable contract between the two parties.").  The reason for this is clear -- the covenant is to comply with the terms of the contract.  Thus, where there is no contract, "there can be no derivative implied covenant of good faith and fair dealing," and, accordingly, no breach.  Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 229 (1st Cir. 2005).

Plaintiffs' attempt to impose some sort of contractual duty on Defendant Ablitt Law Offices based on the mortgage is unavailing.  Defendant Ablitt Law Offices was not a party to the mortgage, and Plaintiffs can identify no legal grounds on which the court could impose a duty of good faith as to them on the law firm representing the party adverse to them in the foreclosure proceeding.

Notably, even if Defendant Ablitt Law Offices conceded that it had improperly handled the foreclosure, which it does not, dismissal of this claim would be proper.  Without a contract, there simply can be no breach of the covenant of

good faith and fair dealing.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Dkt. No. 10) is hereby DENIED, and Defendant Ablitt Law Offices' Motion to Dismiss (Dkt. No. 11) is hereby ALLOWED.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge